IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WARREN SCOTT HAGAR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-05022-SRB |
| DOUG RADER, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Christian County, Missouri's Motion for Judgment on the Pleadings and Suggestions in Support. (Doc. #72). The motion is GRANTED, and the claims against Defendant Christian County are dismissed with prejudice.

### I. Background

Plaintiff Warren Scott Hagar was employed by the Stone County, Missouri Sheriff's Department from February 14, 2014, until April 4, 2016, when he was terminated by Stone County Sheriff, Doug Rader. In the Second Amended Complaint Plaintiff Hagar alleges he was wrongfully terminated in violation of his First Amendment right of free speech because he ran for Sheriff of Christian County, Missouri. Plaintiff Hagar brings claims against Stone County, Missouri; Stone County Sheriff, Doug Rader; Christian County, Missouri; and Christian County Sheriff, Brad Cole. At issue here is Count IV – Plaintiff Hagar's claim against Defendant Christian County based on 42 U.S.C. § 1983.[1] Plaintiff Hagar alleges in Count IV:

> 35. Cole was a policy maker of Christian County at the time Hagar was terminated.

---
[1] Count V seeks attorney's fees pursuant to 42 U.S.C. § 1988(b) "[f]or all claims in this Complaint on which Plaintiff prevails[.]" (Doc. #40, p. 7). As Count IV fails as a matter of law, the portion of Count V stated against Defendant Christian County also fails.

> 36. Cole's decision to conspire and/or insist on the termination of Hagar by Radar (sic), constitutes the policy of Christian County.
>
> 37. As a result of Christian County's actions, Hagar was wrongfully terminated, and has suffered lost income, employment and the ability to effectively campaign for office.

(Doc. #40, ¶¶ 35-37). Defendant Christian County argues in support of its motion that Count IV fails as a matter of law because *respondeat superior* liability is unavailable under § 1983, and Defendant Christian County did not confer policy making authority to Defendant Cole with respect to the challenged action – conspiring with another Sheriff to fire Plaintiff Hagar.

Defendant Christian County filed the present motion on March 21, 2018, making a response due on or before April 4, 2018. On April 4, Plaintiff Hagar did not file a response to the motion but filed a Voluntary Dismissal Without Prejudice signed only on behalf of Plaintiff Hagar. (Doc. #74). Federal Rule of Civil Procedure 15(a) provides that a plaintiff may voluntarily dismiss by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . [by filing] a stipulation of dismissal signed by all parties who have appeared." Given that Defendant Christian County filed an answer on December 21, 2017, Defendant Christian County opposed the voluntary dismissal without prejudice arguing "Defendant's (sic) will be prejudiced if such a request is granted in the face of its Motion for Judgment on the Pleadings—which presents the argument that, as a matter of law, Plaintiff's claim against Christian County for the actions of its employee, outside the scope of his authority, cannot be maintained under 42 U.S.C. § 1983." (Doc. #75, p. 3). As the Court agrees with Defendant Christian County that the claim against it in Court IV fails as a matter of law, the Court will grant Defendant Christian County's motion for judgment on the pleadings and dismiss Count IV with prejudice.

2

## II. Legal Standard

Defendant Christian County moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) ("[W]e review this 12(c) motion under the standard that governs 12(b)(6) motions."). In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Ash v. Anderson Merchs., LLC*, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015). The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss[.]" *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007); *Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III. Discussion

Defendant Christian County may not be found liable under § 1983 based on a *respondeat superior* theory. *See Williams v. Mensey*, 785 F.2d 631, 634-35 (8th Cir. 1986) ("However, the county cannot be liable '*solely* because it employs a tortfeasor—or, in other words *** [it] cannot be liable under § 1983 on a *respondeat superior* theory.'"). "'Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983.'" *Id.* at 635 (quoting *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978)). While Plaintiff Hagar summarily alleges "[Defendant] Cole was a policy maker of Christian County at the time Hagar was terminated," (Doc. #40, ¶ 35), Plaintiff Hagar does not allege Defendant Cole had final policymaking authority conferred by Defendant Christian County to conspire to have another county's employee fired, as is required. *See Bernini v. City of St. Paul*, 665 F.3d 997, 1007-08 (8th Cir. 2012) (Sergeant had no final policymaking authority where there were layers of policymaking authority above his rank and his discretion in exercise of particular functions did not alone give rise to municipal liability.).

## IV. Conclusion

The Court is persuaded by Defendant Christian County's argument that it is entitled to a dismissal with prejudice because Count IV fails as a matter of law, particularly given Plaintiff Hagar filed no opposition to the motion on the merits. For the foregoing reasons, Defendant Christian County, Missouri's Motion for Judgment on the Pleadings and Suggestions in Support (Doc. #72) is GRANTED. The claims against Defendant Christian County are dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATED: <u>April 19, 2018</u>